IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TRAVIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:24-CV-00076 |
| | ) | |
| ALKERMES, INC., | ) | JUDGE CORKER |
| | ) | MAGISTRATE JUDGE POPLIN |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY OR SUPPLEMENTAL BRIEF TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

Defendant Alkermes, Inc. ("Alkermes" or "Defendant"), submits this response in opposition to the Motion for Leave [Doc. 116] filed by Plaintiff Travis Williams ("Plaintiff"), and hereby states as follows:

As set forth in his Motion, Plaintiff seeks to file a surreply brief to Alkermes' Reply Brief [Doc. 111] to address two allegations – namely, (i) Plaintiff's failure to disclose a witness and (ii) an alleged Rule 11 violation. Neither allegation requires a surreply brief. The factual context giving rise to these allegations arose from Plaintiff's Response in Opposition to Alkermes' Motion for Summary Judgment [Doc. 84]. Therefore, Alkermes squarely addressed the premise of these allegations in its Reply Brief [Doc. 111], which presents no new arguments, submissions, or evidence to which a surreply from Plaintiff is necessary. The sole reason Alkermes did not address these allegations in its Motion for Summary Judgment [Doc. 74 & 75] is because Plaintiff disclosed two witnesses the eve before filing his opposition brief, with no opportunity for Alkermes to depose, interview, or even remotely address allegations related to these witnesses. Plaintiff cannot make a last-minute disclosure and then contend that he requires a surreply to

1

address Alkermes' Reply Brief [Doc. 111]. That is the very definition of prejudicial and unfairness. For the reasons set forth below, Plaintiff's Motion for Leave should be denied.

As a threshold matter, the Court must determine whether Plaintiff's proposed surreply brief should be considered. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Cayton v. Metro. Gov't of Nashville & Davidson Cnty.*, 2022 U.S. LEXIS 9359, at *7 (M.D. Tenn. Jan. 19, 2022) (internal citations omitted). "Generally, "good cause" exists where the reply brief raises new grounds that were not included in the movant's initial motion." *Stout v. Berry Ins. Grp.*, 2021 U.S. Dist. LEXIS 154420, at *9 (S.D. Ohio Aug. 17, 2021) (citing *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019)). "Courts often consider whether the party seeking to file the sur-reply brief has shown good cause, such as the need to address a legal issue that was raised for the first time in a reply brief." *Blalock v. FCA US LLC*, 2024 U.S. Dist. LEXIS 93909, at *19 (N.D. Ohio May 28, 2024); *see, e.g., Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010).

In general, "sur-replies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Radio Sys. Corp. v. Protect Animals with Satellites, LLC*, 2024 U.S. Dist. LEXIS 157265, at *18 (E.D. Tenn. Aug. 1, 2024) (citing *Loomis v. Unum Group Corp.*, 539 F. Supp. 3d 898, 904-05 (E.D. Tenn. 2021) (internal citations omitted)). Indeed, "the Federal Rules of Civil Procedure do not expressly permit the filings of sur-replies." *Cooper v. Blum Collins, LLP*, 2023 U.S. Dist. LEXIS 101305, at *5 (E.D. Tenn. Apr. 26, 2023) (citing *Key*, 551 F. App'x at 264). The Court may, however, allow such filings "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond

2

to the new evidence has been vitiated." *Id*. (citing *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003)). "Whether to permit a party to file a sur-reply is within the trial court's discretion." *McClure v. Leafe*, 2018 U.S. Dist. LEXIS 247715, at *2 (E.D. Mich. Apr. 12, 2018); *see also Key*, 551 F. App'x at 264.

In the instant matter, Alkermes' Reply Brief [Doc. 111] addresses issues raised in its Motion for Summary Judgment [Doc. 74 & 75] or directly responds to arguments presented by Plaintiff's opposition [Doc. 84]. *See, e.g., Cook v. McMinn Cnty.*, 2025 U.S. Dist. LEXIS 7920, at *3-4 (E.D. Tenn. Jan. 15, 2025) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (finding "[t]his is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief."). Alkermes' Reply Brief [Doc. 111] does not present new arguments, submissions, or evidence to which a surreply from Plaintiff is necessary. Rather, Plaintiff – not Alkermes – provided the factual context to which Alkermes squarely addressed in its Reply Brief [Doc. 111]. As noted above, the sole reason Alkermes did not address these allegations in its Motion for Summary Judgment [Doc. 74 & 75] is because Plaintiff disclosed two witnesses the eve before filing his opposition brief, with no opportunity for Alkermes to depose, interview, or even remotely address allegations related to these witnesses. The discovery period closed, and Alkermes already filed its Motion for Summary Judgment [Doc. 74 & 75]. The reason for Plaintiff's late disclosure is inapposite. What is germane is that Plaintiff cannot have his cake and eat it too.[1] Plaintiff cannot make a last-minute disclosure and then contend that he requires a surreply to address Alkermes'

---

[1] It is Alkermes' position that the Court should decline to consider any information included in the Bender Declaration or the exhibits thereto in ruling on Alkermes' Motion for Summary Judgment. The reasons in support of this position are set forth more fully in Alkermes' Reply Brief [*See, e.g.*, Doc. 111, PageID #2565-2568], which Alkermes incorporates by reference herein.

3

Reply Brief [Doc. 111]. Allowing Plaintiff to do so would simply give him the "last word" which is precisely the reason surreply briefs are highly disfavored.

Notably, whether Plaintiff failed to disclose a witness or violated Rule 11 is not determinative of Alkermes' Motion for Summary Judgment [Doc. 74 & 75], as neither will impede the Court's ability to rule on that motion.[2] The Court already has the fulsome information before it, and Plaintiff's proposed surreply even states as much: "Bender's situation is fully addressed in the Response to motion in limine." [*See, e.g.*, Doc. 101 & 116-1]. Moreover, Alkermes' claimed Rule 11 violation was in response to the information provided in Plaintiff's opposition [Doc. 84, p. 18]. Therefore, Plaintiff's proposed surreply does not make it more or less likely that summary judgment is proper, nor does it address any new arguments, submissions, or evidence. As such, there is simply no basis for Plaintiff to file a surreply.

For the foregoing reasons, Alkermes respectfully requests that the Court deny in its entirety Plaintiff's Motion for Leave to File a Surreply or Supplemental Brief to Defendant's Reply Brief in Support of Summary Judgment [Doc. 116]. If granted, Alkermes respectfully requests the opportunity to provide a fulsome response to Plaintiff's surreply brief.

---

[2] Plaintiff's failure to disclose a witness is an evidentiary issue. Accordingly, Alkermes filed a Motion in Limine to Exclude Information Disclosed After Discovery and Dispositive Motion Deadlines. [Doc. 97 & 98]. A claimed Rule 11 violation is a separate matter that does not impact the Court's ability to rule on Alkermes' Motion for Summary Judgment. [Doc. 74 & 75].

Respectfully submitted,

*/s/ John R. Adams*
Jennifer S. Rusie (BPR # 26009)
John R. Adams (BPR # 39284)
Jackson Lewis, P.C.
611 Commerce Street, Suite 2803
Nashville, TN  37203
Telephone: (615) 565-1661
Jennifer.rusie@jacksonlewis.com
John.adams@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025 a copy of the foregoing was served on the following via the Court's CM/ECF System.

>Justin S. Gilbert
>Gilbert Law, PLLC
>100 W. Martin Luther King Blvd.
>Suite 501
>Chattanooga, TN  37402
>justin@schoolandworklaw.com
>
>Ronald A. Rayson
>The Law Office of Ronald A. Rayson
>3800 Keowee Avenue
>Knoxville, TN 37919
>ron@raysonlaw.com

*Attorneys for Plaintiff*

*/s/ John R. Adams*
John R. Adams

5