# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| **TRAVIS WILLIAMS** | ) |
| *Plaintiff,* | ) |
| -vs- | ) Case No. 3:24-CV-00076 |
| | ) Corker/Poplin |
| **ALKERMES, INC.** | ) |
| *Defendant.* | ) |

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION (D.E. 118) TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL BRIEF/SURREPLY (D.E. 116)**

---

**PLAINTIFF, Travis Williams,** submits this Reply to Defendant's Opposition to Supplemental Brief/Surreply under LR 7.1(d).

\* \*\*

Defendant's Reply mischaracterizes both the purpose of Plaintiff's request and the governing standard. Plaintiff does not seek a surreply to reargue summary judgment or to "have the last word." He seeks leave to respond to accusations of litigation misconduct raised for the first time in Defendant's Reply Brief—"sandbagging," "making up evidence," and an asserted "Rule 11 violation." In its Reply, Defendant shies away (but does not entirely remove) its misplaced Rule 11 accusation. (See 118, p. 4, and fn. 2). Courts *do* permit surreplies where a reply brief injects new issues that the nonmovant had no opportunity to address. *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003).

1

Defendant argues that its Reply presents "no new arguments," but that assertion ignores its accusations. Accusations of professional misconduct are not inherent in the summary-judgment standard at all; they are not responsive to the merits of the claims; and they *are* being raised for the first time in a Reply. Once raised, fundamental fairness requires an opportunity to respond.

Defendant's emphasis on the timing of Plaintiff's disclosure does not defeat leave to file a surreply either. Defendant now states that "whether" a Rule 11 issue occurred is "not determinative" of summary judgment. (D.E. 118, p. 4).[1] Plaintiff agrees. But Defendant *made* the ill-informed allegation from which it now seems to retreat.

Finally, Plaintiff's proposed surreply is narrow, limited to correcting the record and addressing the new accusations raised in Defendant's Reply Brief. Accordingly, Plaintiff respectfully requests that the Court grant his Motion for Leave to File a Surreply or Supplemental Brief (D.E. 116).

>Respectfully submitted,
>
>**GILBERT LAW, PLC**
>
>/s Justin S. Gilbert
>Justin S. Gilbert (TN Bar No. 017079)
>100 W. Martin Luther King Blvd, Suite 501
>Chattanooga, TN 37402
>Telephone: 423-756-8203
>justin@schoolandworklaw.com
>
>**LAW OFFICE OF RONALD A. RAYSON**
>
>/s Ronald A. Rayson
>Ronald A. Rayson, Esq. (BPR #013393)
>P.O. Box 10346
>Knoxville, Tennessee 37939-5890
>Phone: (865) 368-5890
>Fax: (865) 971-4355

---

[1] As Defendant notes, that issue is the subject of a separate motion in limine and goes to admissibility, not whether Plaintiff may respond to such misplaced accusations of misconduct. (D.E. 118, p. 4).

Ron@raysonlaw.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

On January 5, 2026, I served a copy of this Plaintiff's Reply to Defendant's Response to the Motion for Proposed Surreply/Supplemental Brief upon all counsel of record including Jennifer S. Rusie, defense counsel, at Jennifer.Rusie@jacksonlewis.com, and John R. Adams at John.adams@jacksonlewis.com.

/s Justin S. Gilbert